UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) ) | |
| | ) | COMPLAINT |
| ASIAN WORLD OF MARTIAL ARTS, INC. | ) ) | |
| Defendant. | ) | Jury Trial Demand |

## NATURE OF THE ACTION

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), brings this action under the Age Discrimination in Employment Act (the "ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Mr. Morris Pashko. As alleged with greater particularity in paragraph 7 below, Asian World of Martial Arts, Inc., (hereinafter "Asian World" or "Defendant") implemented and enforced a policy mandating involuntary retirement at age 67 and terminated Mr. Pashko, then age 74, pursuant to the policy and because of his age, in violation of the ADEA. As a result of Defendant's unlawful actions, Mr. Pashko lost his job and suffered lost wages and liquidated damages.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 7(b) of the ADEA, which incorporates by reference section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Asian World of Martial Arts, Inc. has continuously been a company doing business in the State of Pennsylvania, City of Philadelphia, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant Asian World of Martial Arts, Inc. has continuously been an employer in an industry affecting commerce within the meaning of §§ 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

7. Since at least November of 2007, Defendant Asian World of Martial Arts, Inc., has engaged in unlawful employment practices in violation of section 4(a)(1) of the ADEA, 29

U.S.C. §623(a)(1), by enforcing an involuntary retirement policy and terminating its Controller, Morris Pashko, as well as other employees who were 67 years or older, on the basis of age.

    A.    Morris Pashko was born on June 13, 1933. In 2007, he was 74 years old.

    B.    Defendant Employer hired Mr. Pashko in or about August 17, 1981 as its Controller.

    C.    As a Controller, Mr. Pashko oversaw the company's bookkeeping, accounting, and other financial activities. He had no executive or policy-making duties. Further, he had no authority to hire/fire employees and/or to bind the company.

    D.    Mr. Pashko's was an exemplary employee.

    E.    On November 14, 2007, Defendant's Founder and President Georgette Ciukurescu notified Mr. Pashko, while he was at a hospital recovering from surgery, that Defendant had implemented a policy mandating retirement at age 67 and that, pursuant to this policy, he would be terminated effective December 1, 2007.

    F.    On December 1, 2007, Mr. Pashko was terminated pursuant to Defendant's age-based retirement policy.

    8.    The effect of the practices complained of in paragraph 7 above has been to deprive Mr. Pashko of equal employment opportunities and otherwise adversely affect his status as an employee because of age (over 67).

    9.    The unlawful employment practices complained of in paragraph 7, were willful within the meaning of section 7(b) of the ADEA, 29 U.S.C. §626(b).

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant Employer, its officers,

successors, assigns and all persons in active concert or participation with it, from enforcing an involuntary age-based retirement policy and terminating employees pursuant to such policy, and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.  Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who are 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of the ADEA.

D.  Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to Mr. Pashko.

E.  Order Defendant Employer to make whole Mr. Pashko by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to the reinstatement of Mr. Pashko, or front pay in lieu thereof if reinstatement is not feasible.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
PHILADELPHIA DISTRICT OFFICE

_/s/ Debra Lawrence_
DEBRA M. LAWRENCE
Regional Attorney

_/s/ Maria L. Morocco_
MARIA LUISA. MOROCCO
Supervisory Trial Attorney (Acting)

_/s/ Iris Santiago-Flores_
IRIS SANTIAGO-FLORES
Senior Trial Attorney
PA. No. 60171

U.S. EEOC, Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2684(direct)
(215) 440-2828(fax)
Iris.Santiago-Flores@eeoc.gov

5